YM

FILED
JANUARY 25, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 550

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Joanne Jacobs and John Jacobs, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. |
| Michael P. Edgerton, d/b/a Edgerton & Edgerton, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

JUDGE KOCORAS
MAGISTRATE JUDGE COX

## COMPLAINT

Plaintiffs, Joanne Jacobs and John Jacobs, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and allege:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant resides and transacts business here.

### PARTIES

3. Plaintiffs, Joanne Jacobs and John Jacobs ("the Jacobs"), are citizens of Chicago, Cook County, Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Hand and Plastic Surgery Associates, Ltd. ("HPS Associates").

4.    Defendant, Michael P. Edgerton, is an attorney, doing business as the law firm of Edgerton & Edgerton ("Edgerton"), and acts as a debt collector, as defined by § 1692a of the FDCPA, because he regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, the Defendant was acting as a debt collector as to the delinquent consumer debt he attempted to collect from Joanne Jacobs and John Jacobs.

**FACTUAL ALLEGATIONS**

5.    In the Spring of 2004, Mrs. Jacobs suffered an injury that required her to seek emergency medical treatment at Christ Medical Center in Oak Lawn, Cook County, Illinois. Dr. Speziale treated her in the emergency room and directed that she contact him for follow-up medical care. Shortly thereafter, Mrs. Jacobs contacted Dr. Speziale and made an appointment for follow-up care. Prior to the appointment, however, Mrs. Jacobs learned that Dr. Speziale and his firm, HPS Associates, were not in her PPO insurance network and, therefore, her insurance carrier's payment for the doctor's services for non-emergency care would be at a reduced, out-of-network basis.

6.    When Mrs. Jacobs informed the doctor that she could not be treated by him, as he and his firm were not in her insurance carrier's network, Dr. Speziale offered to treat Mrs. Jacobs for the amount that her insurer would pay and that he would waive any amount above that payment amount. Based on Dr. Speziale's offer, Mrs. Jacobs agreed to receive medical treatment from the doctor at his office in Palos Heights, Cook County, Illinois.

7.  Thereafter, however, the doctor and his firm, HPS Associates, wrongly sought to collect from the Jacobs the balance that was not covered by insurance. Accordingly, the Jacobs contacted HPS Associates and disputed owing the debt.

8.  Nonetheless, HPS Associates continued its attempts to collect the alleged debt it claimed was still owed by the Jacobs through various debt collection agencies. The Jacobs disputed owing the debt each time. In 2007, HPS Associates hired Defendant Edgerton to attempt to collect the alleged debt from the Jacobs. Accordingly, via a letter dated October 28, 2007, the Defendant sent an initial form collection letter to the Jacobs at their home address in Chicago, Cook County, Illinois, demanding that they pay the HPS Associates debt. A copy of this letter is attached as Exhibit A.

9.  Upon receipt of Defendant Edgerton's demand letter, one of the Jacobs' attorneys sent Defendant a letter, dated November 7, 2007, disputing the alleged HPS Associates debt and demanding validation of the debt on behalf of the Jacobs. A copy of this letter is attached as Exhibit B.

10.  Instead of providing verification of the disputed HPS Associates debt, on December 31, 2007, Defendant Edgerton filed a small claims lawsuit against the Jacobs in the Circuit Court of DuPage County, Illinois, in a matter styled: <u>Hand and Plastic Surgery Associates, Ltd. v. Joanne J. and John Jacobs</u>, No. 2007-SC-010361 ("the Small Claims Lawsuit"). Attached to the complaint in the Small Claims Lawsuit was a non-redacted three-page document entitled "Transaction History Report," which is a purported medical account history for Mrs. Jacobs that discloses confidential information relative to the medical treatment received by Mrs. Jacobs at HPS Associates. A copy of the Small Claims Lawsuit, excluding the medical account history, is attached as Exhibit C.

11.  Accordingly, via a letter dated January 11, 2008, one of the Jacobs' attorneys again disputed the alleged HPS Associates debt to Defendant Edgerton, and disputed the Defendant's improper collection actions, including, but not limited to, filing the Small Claims Lawsuit in DuPage County -- an improper venue -- since Mrs. Jacobs received the medical services at issue, and lived, in Cook County.  A copy of this letter is attached as Exhibit D.

12.  In response to this second letter from the Jacobs' attorneys, Defendant then finally provided its alleged validation materials and filed a motion to transfer the case he had wrongly filed in DuPage County, Illinois, to Cook County, Illinois.

13.  All of Defendant Edgerton's collection actions at issue in this matter occurred within one year of the date of this Complaint.

14.  Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692i(2) Of The FDCPA -- Wrongful Legal Action By Debt Collector

15.  Plaintiffs adopt and reallege ¶¶ 1-14.

16.  Section 1692i(2) of the FDCPA states that a debt collector who brings any legal action must do so only in the judicial district where the contract at issue was signed or where the consumer resides at the commencement of the lawsuit.  See, 15 U.S.C. § 1692i(2).

17.  The disputed medical debt at issue in this matter pertains to medical services that were provided in Cook County, Illinois.  Moreover, at all relevant times, the Jacobs resided in Cook County, Illinois.  Thus, Defendant Edgerton violated § 1692i(2)

4

of the FDCPA when he filed the Small Claims Lawsuit against the Jacobs in DuPage County, Illinois.

18. Defendant's violation of § 1692i(2) of the FDCPA renders him liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violations Of § 1692g Of The FDCPA --
### Failure to Validate Debt and
### Cease Collections of Disputed Debt

19. Plaintiffs adopt and reallege ¶¶ 1-14.

20. Section 1692g(b) of the FDCPA requires that, if a debt has been timely-disputed by the consumer, the debt collector must cease collection of the debt, until the debt collector obtains verification of the debt, and a copy of such verification is mailed to the consumer. See, 15 U.S.C. § 1692g(b).

21. Defendant violated § 1692g by failing to provide verification of a timely-disputed debt, and instead, continuing to attempt to collect the disputed debt by filing the Small Claims Lawsuit against the Jacobs.

22. Defendant's violation of § 1692g of the FDCPA renders him liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

23. Plaintiffs adopt and reallege ¶¶ 1-14.

24. Section 1692f of the FDCPA prohibits a debt collector from using any

5

unfair or unconscionable means to collect or attempt to collect a debt.  See, 15 U.S.C. § 1692f.

25. Defendant used unfair or unconscionable means to collect or attempt to collect a debt, in violation § 1692f of the FDCPA, by, including, but not limited to:

    A.) failing to cease collection efforts relative to a disputed debt;

    B.) failing to provide verification of a disputed debt;

    C.) suing the Jacobs in the wrong venue; and,

    D.) attaching documents to the Small Claims Lawsuit, which, in violation of HIPAA, contained confidential medical information.

26. Defendant's violation of § 1692f of the FDCPA renders him liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Joanne Jacobs and John Jacobs, pray that this Court:

1. Declare that Defendant's debt collection practices violated the FDCPA;

2. Enter judgment in favor of Plaintiffs Joanne Jacobs and John Jacobs, and against the Defendant Edgerton, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Joanne Jacobs and John Jacobs, demand trial by jury.

                                                  Joanne Jacobs and John Jacobs,

                                                  By: /s/ David J. Philipps_____
                                                  One of Plaintiffs' Attorneys

Dated:  January 25, 2008

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps       (Ill. Bar No. 06197113)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com